# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERICA ROSE VOUGHT, | No. 4:23-CV-00057 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| CRAIG LOWE, | |
| Respondent. | |

## MEMORANDUM OPINION

**MARCH 10, 2023**

Petitioner, Erica Rose Vought ("Petitioner" or "Vought"), a pre-trial detainee confined at the Pike County Prison, Lords Valley, Pennsylvania, initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The filing fee has been paid.[2] Although a response to the petition was filed on February 13, 2023,[3] to date, no traverse has been filed.

For the reasons set forth below, the petition will be dismissed for Petitioner's failure to exhaust available state court remedies.

## I.    BACKGROUND

Vought seeks to challenge her underlying charges in Pike County Court of Common Pleas criminal action, CP-52-CR-0000446-2021, in which she faces five

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 4.

counts of criminal conduct including Drug Delivery Resulting in Death, Conspiracy-Drug Delivery Resulting in Death, Criminal Use of Communication Facility, Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver, and Conspiracy-Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver.[4]  Petitioner waived arraignment on October 1, 2021.[5]  On October 8, 2021, the county court denied Petitioner's motion for modification of bail conditions.[6]

After several continuances, trial was set for February 2023.[7]  On March 2, 2023, Petitioner entered a guilty plea[8] and is no longer a pre-trial detainee.

Vought's instant petition raises Fourth, Sixth and Fourteenth Amendment challenges to her underlying conviction.[9]

## II.  DISCUSSION

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.[10]  "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted

---

[4] Doc. 4-1 at 1-10.
[5] *Id*.
[6] *Id*.
[7] *Id*.
[8] https://ujsportal.pacourts.us/DocketSheets
[9] Doc. 1.
[10] *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993).

the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."[11]  Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective...."[12]

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.[13]  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.[14]  The petitioner generally bears the burden to prove all facts establishing exhaustion.[15]

---

[11] 28 U.S.C. § 2254(b)(1).
[12] *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the ["state"] courts").
[13] *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (finding that a collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").
[14] *Castille v. Peoples*, 489 U.S. 346, 350 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971).
[15] *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.[16] Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.[17]

Here, Vought did not raise any of her claims on direct appeal or on collateral review. The information contained in the state court electronic docket sheet confirms that Vought has not yet exhausted his state remedies. In fact, the time period for filing a direct appeal to the Pennsylvania Superior Court had not yet expired before Vought filed her habeas corpus petition in this Court.[18]

However, Vought may also seek a state remedy other than a direct appeal to the state's highest court in the form of a collateral attack on the conviction and sentence pursuant to the PCRA.[19] Because Vought has an opportunity to obtain meaningful redress at the state level, and because she has not demonstrated that the corrective process is so clearly deficient so as to render futile any effort by her to obtain relief, the Court finds that Vought's habeas petition must be dismissed. The dismissal is without prejudice to Vought's right to pursue federal habeas relief upon complete exhaustion of available state court remedies.

---

[16] *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Rose*, 455 U.S. at 516-18.
[17] *Rose*, 455 U.S. at 519.
[18] *See* Pa. R. App. P. 903(a) ("[T]he notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken.").
[19] *See* 42 Pa. Cons. Stat. Ann. §§ 9543-9544.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[20]  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[21]

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[22]  Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, a certificate of appealability will not issue.

---

[20] 28 U.S.C. § 2253(c)(2).
[21] *Miller-El v. Cockrell*, 537 U.S. 322 (2003).
[22] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

For the reasons set forth above, the petition will be dismissed without prejudice.

A separate Order shall issue.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge